AARON C. WHEELER *v.* JOSEPH C. FULLER.

*Costs.*

</div>

If, after A. sues B. and trustees D., but before trial, B. brings an action against D. he is entitled to nominal damages and costs, although before judgment in the latter case, A. has recovered in the former and the trustee D. has paid A. upon his judgment what he owed B. The amount of costs might be varied by circumstances.

THIS is an action of Book Account, entered June Term, 1858, and continued from term to term to the December Term, 1864, of the county court, POLAND, Ch. J., presiding,

Prior to the beginning of the suit, one Luther C. Porter com-

menced a suit against said Wheeler, and trusteed said Fuller, and at the commencement of this suit, the plaintiff well knew of the commencement and pendency of the trustee suit, and both suits were returned to the court at the same term.

The supreme court at the August Term, 1864, rendered judgment in the suit *Porter* v. *Wheeler*, for damages and interest $107.50, and taxed the costs at $93.20 ; in all, $200.70.

They at that term found in the trustees hands $206.33, from which deduct trustees fees, 6.10, and it leaves $200.23 ; leaving a balance of 47 cents on said judgment unpaid.

After said judgment the trustees paid the said amount to Porter, and claimed the same in bar of this action.

The court rendered judgment for the defendant to recover his costs from the commencement of the suit, taxed at the sum of $      ,—to which judgment the plaintiff excepted.

————, for the plaintiff.

*Wing & Lund*, for the defendant.

The court improperly rendered a judgment against the plaintiff for costs.

The judgment should, at least, have been for the plaintiff for nominal damages and his costs. At any rate the defendant is not entitled to costs. No case can be found going to that extent. *Jones & Dow* v. *Wood*, 30 Vt. 268 ; *Spicer* v. *Spicer*, 23 Vt. 678 ; *Hicks* v. *Gleason*, 20 Vt. 139 ; *Winthrop* v. *Carlton*, 8 Mass. 456 ; G. S., p. 312, §§ 41, 42, 43 ; *ib*..414, § 57.

No bad faith is found in the plaintiff in bringing the suit.

The opinion of the court was delivered by

PECK, J. It appears that this action on book account, and the suit in which this defendant was summoned as trustee of this plaintiff, were both entered in court at the same term ; the trustee suit having been commenced first. It would seem from the exceptions, that the county court regarded the fact that the amount of the defendant's indebtedness having been adjudicated in the trustee suit, and

the defendant pending that suit, having paid it to the plaintiff in that suit, less his costs in that suit, was, of itself, not only a bar to this action, but that it entitled the defendant to his costs in this suit. The general rule is, that where a plaintiff has a good cause of action when he commences his suit, and something transpires pending the action which extinguishes it, the plaintiff may discontinue his action, neither party recovering costs, or, in some cases, the plaintiff is entitled to judgment for nominal damages and costs up to that time. If this case falls within either of these two classes of cases, the judgment of the county court is erroneous. There is no reason why this case should not be subject to one or the other of these rules, unless the action of book account is an exception, or unless there is something in the character of the trustee process, or the statute relating to trustee actions, that should control it. In actions on book, the statute requires the auditor to adjust the accounts of the parties up to the time of the hearing before the auditor ; General Statutes, page 343, section 9 ; and by section 7, page 342, it is provided that, "when the auditors shall have adjusted the accounts and made report thereon to the court, judgment shall be rendered on such report, if no just cause be shown to the contrary, for such sum as shall be found in arrears from either party, with costs, including the costs of the auditors." It undoubtedly has been the general practice to award costs to the party who prevails before the auditor in actions on book account, without reference to the state of the accounts at the commencement of the suit, not however to the exclusion of all discretion of the court in taxation of costs. Generally where the balance of the accounts changes pending the suit, it is by some item existing when the action was commenced, which was not then payable, becoming payable, or by the parties continuing their dealing. But this case is one where the plaintiff's cause of action has been extinguished without any act of his, and where he cannot be assumed to have known, when he commenced his suit, that such would be the result. But whether this consideration alone is sufficient to control the question of costs, we are not prepared to say.

Although this case is not in terms provided for in the statute relating to trustee actions, it should be determined in the light of that

statute. It is provided in the General Statutes, page 312, §§ 41–42.–43, that when a trustee suit is commenced *pending an action* by the principal debtor against the trustee, the suit in which the principal debtor is plaintiff shall proceed against the trustee, so far as to ascertain what sum, if any, is due, etc., and if pending that action the trustee is adjudged chargeable in the trustee suit, and shall pay the amount to the creditor in the trustee suit, the principal debtor shall have judgment in his action against the trustee for his costs, and for such part of the debt or damages, if any, as shall remain unpaid. Thus if the plaintiff's action in this case had been commenced before the commencement of the trustee suit, he would be entitled by the statute to recover his costs. In justice he ought not to be deprived entirely of his costs in this case, unless the trustee suit having been commenced first, rendered this suit unnecessary. The trustee suit would not necessarily have subserved the purposes of the plaintiff in this action, at least he could not have known that it would. In cases like this, a creditor whose debtor has been summoned as his trustee, may wish to secure his demand by attachment, (as it appears by the officer's return in this case the plaintiff did,) a right which he ought not to be deprived of by the pendency of a trustee suit. The plaintiff may enter a nonsuit in the trustee action; or he may on trial fail to recover against the principal debtor. He may not recover a sum equal to the whole amount of the trustee's indebtedness; or if he should, the trustee may not pay it, but it may be collected otherwise out of the principal debtor. The trustee may deny his liability in his disclosure, or disclose a less sum than is due, and the plaintiff in the trustee suit may not choose to litigate the question, but rely on collecting his debt otherways out of the principal debtor. Whatever may be the result of the trustee suit, the adjudication as to the liability of the trustee is not conclusive on the creditor of the trustee, and may not result in the collection of the debt. It is obvious that the pendency of a trustee suit, subject to so many contingencies, does not deprive a party of the right to commence a suit for the collection of the debt. Having this right, he ought not to be compelled to do it at the peril of paying costs to the other party. It is said that it is hard for the trustee to be compelled

Wheeler *v.* Fuller.

to pay costs of a suit against him, when he is tied up by a trustee process so that he can not pay the debt. But the trustee, if he is not held liable as trustee, recovers his costs in that suit of the plaintiff in that action, and if he is adjudged chargeable, he recovers his costs out of the fund in his hands, and in both cases he recovers reasonable counsel fees in addition to ordinary costs between party and party. When the plaintiff commenced this suit, his claim against the defendant was about $100.00 more than Porter's claim which he recovered against this plaintiff in the trustee action; so that this plaintiff might well have supposed it was necessary to commence this suit to secure and collect this debt, whatever might be the result of the other suit. It is true that the trustee suit being litigated, the accumulation of costs swelled that recovery to a sum large enough to cover the amount in the trustee's hands; but this result the plaintiff was not bound to anticipate. We cannot suppose that this suit was commenced in bad faith, or that the plaintiff, when he commenced it, had reason to suppose it was unnecessary. On the whole we think that the defendant is not entitled to recover costs; but, on the contrary, the plaintiff is entitled to judgment for nominal damages and costs. But as the defendant disclosed in the other suit the full amount of his indebtedness, and this suit remained on the docket from term to term without trial, while that suit was pending, the plaintiff may not be entitled to costs for the whole time. This must depend somewhat on the circumstances under which the suit was continued from term to term without ever going to an auditor.

Judgment reversed and judgment for plaintiff for nominal damages, and costs to be taxed in accordance with the suggestion already made.

Note.—The cost was subsequently taxed by the court, and the plaintiff was allowed costs up to and including the first term, and all clerk's fees pending the suit.